**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NAJIBULLAH NOOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-036 |
| | ) | Judge Stephanie L. Haines |
| U.S. DEPARTMENT OF HOMELAND | ) | Magistrate Judge Patricia L. Dodge |
| SECURITY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM ORDER</u>

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Najibullah Noor ("Petitioner") (ECF No. 1). Petitioner is detained at Moshannon Valley Detention Center and claims that his detention is unconstitutionally prolonged. He seeks a hearing and immediate release from custody. This matter was referred to Magistrate Judge Patricia L. Dodge for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On March 23, 2026, Magistrate Judge Dodge filed a Report and Recommendation (ECF No. 11) recommending that the Petition (ECF No. 1) be denied as premature because Petitioner has only been detained by the Department of Homeland Security Immigration and Customs Enforcement since December 15, 2025, short of the six-month presumptive period under *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Parties were provided fourteen days to file Objections. *See* 28 U.S.C. § 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 11) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100

(3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Dodge in this matter. Judge Dodge correctly found that Petitioner has not been detained for the presumptive six-month period under *Zadvydas,* after which he may seek relief from this Court. In *Zadvydas*, the Supreme Court decided that 8 U.S.C. § 1231(a)(6), the post-removal-period statute, authorizes the Government to detain a removable alien "only for a period *reasonably necessary* to secure the alien's removal," rather than "*indefinitely* beyond the removal period." 533 U.S. at 682 (emphasis in original). The *Zadvydas* Court prescribed the presumptively reasonable time period as six months. *Id.* at 701. In this case, Petitioner has not yet been detained four months.

Accordingly, the following order is entered:

### ORDER

AND NOW, this 8th day of April, 2026, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) hereby is DENIED; and,

IT IS FURTHER ORDERED that Magistrate Judge Dodge's Report and Recommendation (ECF No. 11) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

Stephanie L. Haines
United States District Judge

2